The statement of the case made by his Honor is very short. It sets out the testimony of one witness only, and we take it from the words, `the witness for the State testified," etc., that he was the only witness, and that his testimony was all the evidence in the case. So the evidence is this: The witness arrested L. C., Lewis, who is a son of the defendant. In a conversation with the witness, the defendant told him his son, L. G. Lewis, belonged to Captain Galloway's company, in the army; had been at his house two or three weeks, and the defendant believed his son was absent from the army without leave.
We have no doubt that if the fact that L. G. Lewis was a soldier of the army of the Confederate States of America and the fact of his being a deserter had been established by competent proof, then the above admissions of the defendant would have been admissible in evidence, as tending to fix the defendant with the scienter, that is, with a knowledge of the fact that L. G. Lewis was a deserter. But we are clearly of opinion that the admissions do not amount to evidence to be (302) left to the jury, from which they were at liberty to infer that L. G. Lewis was a soldier of the army of the Confederate States, or that he was a deserter. "L. G. Lewis belonged to Captain Galloway's company!" Who is Captain Galloway? What army? The army of the Confederate States, or the States of North Carolina? In the language of Judge Gaston, "the jury must be left to guess the facts." "He believed his son was absent from the army without leave!" "Desertion" is one thing, "absence without leave" is another. Every deserter is absent without leave; but every soldier who is absent without leave is not a deserter. These terms have a distinct meaning; a deserter is a soldier who quits the army without leave, and in violation of his duty, and wrongfully stays away. So he is in the wrong from the beginning. One who is permitted to leave the army, as by a furlough, and who after wards stays away, either by reason of sickness or some accident or by design, is said to be "absent without leave." The two offenses are considered and treated as entirely different.
What we mean to decide is this: when the fact of desertion is proved, then an admission that the defendant believed the party was absent without leave is evidence from which the jury may infer that the defendant knew that the man was a deserter; but when the main fact, to wit, that the party is a soldier and that he is a deserter, is not proved by other evidence, then such an admission is no evidence that the man is a deserter, or that the defendant knew him to be a deserter, because the words do not in their ordinary and appropriate sense bear, and there is nothing to give them, a different signification.
What kind of evidence is necessary in order to prove the fact that a *Page 190 
man is a soldier or a deserter is a question which it is not necessary for the purposes of this decision to determine.
(303) Whether by a proper construction of the statute the "aiding, assisting, harboring, and maintaining" must be done secretly andfraudulently, with intent to enable the deserter to conceal himself and keep out of the way (which is the construction given to the words "harbor and maintain" in the statute concerning runaway slaves, Dark v. Marsh,4 N.C. 249), was mooted at the bar, but the question is not presented by the case, and we intimate no opinion in regard to it.
This being the first indictment that has come up on a new statute, it may be proper to call the attention of the solicitors to the question whether the indictment should not contain an averment that the man "is a soldier," as well as the averment that he is a deserter.
PER CURIAM. Error.